IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
SMALL CLAIMS

LINDA KLEWINOWSKI,

     Plaintiff,

vs.

     Case No. 13 - 0 6 2 0   SC

NORTH AMERICAN CREDIT SERVICES, INC.,

     Defendant.

_____/

## STATEMENT OF CLAIM

Plaintiff, Linda Klewinowski ("Plaintiff"), sues the Defendant, North American Credit Services, Inc. ("Defendant"), and alleges the following.

1.    This is an action for damages that is more than $1,000.00 but less than $2,500.00, exclusive of attorneys' fees and costs.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1962 *et seq.*, and Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*   Jurisdiction and venue are conferred by Fla. Stat. § 559.77 and the Court has subject matter jurisdiction over this action pursuant to the FDCPA.

3.    Venue is proper before this Court as the acts and transactions giving rise to Plaintiff's action occurred in Pinellas County, Florida and the Defendant conducts business in Pinellas County, Florida.

## PARTIES

4.    Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Pinellas.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5).  Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

6.    At all times material, Defendant engaged in its usual and customary business within Pinellas County, Florida.

## FACTUAL ALLEGATIONS

7.    Plaintiff allegedly defaulted on a debt for medical services provided by Florida Hospital North Pinellas.  Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8.    The debt that Plaintiff incurred was a consumer debt and was secured and used primarily for personal, family, and/or household services.

9.    On May 30, 2012, Defendant sent or caused to be sent a letter to Plaintiff seeking to collect a debt alleged to be owed by Plaintiff in the amount of $3,530.52.00.  A copy of the letter is attached hereto as **Exhibit A**.

10.    The letter states, in pertinent part:  "Unpaid accounts may be placed with an attorney and/or agency in your area for further collection activity and may have attorney fees added to the balance, *as provided in the contract with your creditor.*"  (Emphasis provided).

11.    Upon information and belief, a contract does not exist between Plaintiff and the original creditor that would allow the assessment of attorneys' fees to the balance of the alleged debt.

12.    Even assuming a contract exists that provides for attorneys' fees, the fees cannot be simply applied to the *balance* of the alleged debt.  Florida courts have adopted the "American Rule" with respect to awarding attorney's fees to a "prevailing party" in litigation.  The

"American Rule" provides that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery. In other words, attorneys' fees could only be awarded to the debt collector and/or original creditor if litigation is instituted against Plaintiff and a court finds such entities to be the prevailing party in the litigation. A prevailing party is one that prevails on the significant issues in a case, when the party obtains the benefits sought in the litigation. This series of events was not explained in the letter to Plaintiff.

13.     Without a contract providing for attorneys' fees, a specific series of events would have to transpire in order for the Defendant and/or original creditor to be awarded attorneys' fees. Under the FDCPA, these entities could collect attorneys' fees only if: (1) Plaintiff contested Defendants' debt collection methods by filing a lawsuit under the FDCPA; and (2) a court determined that Plaintiff's lawsuit was "frivolous."

14.     Furthermore, the letter states that unpaid accounts may be placed with an attorney *"and/or agency* in your area" for "further collection activity" and "may have attorney fees added to the balance, as provided for in the contract with your creditor." An agency is not an attorney and cannot conceivably cause attorneys' fees to be assessed against Plaintiff during the course of any "further collection activity."

15.     Nonetheless, an unsophisticated consumer would interpret the Defendant's statement as implying that attorneys' fees are a real and immediate consequence for any refusal or delay in paying the debt.

## COUNT I

## VIOLATIONS OF THE FDCPA

16.     Plaintiff incorporates by reference paragraphs 1 through 14 as though fully stated herein.

17.     The foregoing acts and omissions of Defendant constitute a violation of the FDCPA including:

      a.      15 U.S.C. § 1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt.

      b.      15 U.S.C. § 1692f(1) the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

      c.      15 U.S.C. § 1692e(5) the threat to take any action that cannot legally be taken or that is not intended to be taken.

      d.      15 U.S.C. § 1692e(2)(A) the false representation of the character, amount, or legal status of any debt.

18.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to damages in an amount up to $1,000.00, plus her reasonable attorneys' fees and costs.

## COUNT II – VIOLATIONS OF THE FCCPA

19.     Plaintiff incorporates by reference paragraphs 1 through 14 as though fully stated herein.

20.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA including:  Fla. Stat. § 559.72(9) by claiming, attempting or threatening to assert the existence of some other legal right when such person knows that the right does not exist.

21.     Pursuant to Fla. Stat. § 559.77, Plaintiff is entitled to damages in an amount up to $1,000.00, plus her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

-4-

**Dated:    January 17, 2013**

DISPARTI FOWKES & HASANBASIC, PLLC

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
2203 N. Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*